UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GURPINDER SINGH, <br><br>                Plaintiff, <br><br>    v. <br><br>JOSEPH B. EDLOW[1], Director, U.S Citizenship and Immigration Services, <br><br>                Defendant. | Case No. 2:25-cv-01432-JHC <br><br>STIPULATED MOTION TO STAY AND ORDER <br><br>Noted for: <br>October 15, 2025 |

Defendant respectfully requests a stay of the proceedings in this case due to the lapse of appropriations to the Department of Justice (the Department). Good cause exists for staying the proceedings in this case, and the interests of justice and judicial economy will be served by granting this motion. Defendant's counsel has conferred with Plaintiff's counsel who has agreed to stipulate to the requested relief of a stay followed by a joint status report once appropriations are restored. The Department provides the following background for the Court's consideration

**I. BACKGROUND**

At the end of the day on September 30, 2025, funding to the Department expired and its

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Defendants substitute Director of U.S. Citizenship and Immigration Services Joseph B. Edlow for Kika Scott.

appropriations lapsed. The same is true for many Executive agency clients with whom Department attorneys must coordinate their litigation activities. The Department does not know when funding will be restored by Congress.

Absent an appropriation, certain Department attorneys and employees of the federal government are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The term "'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id*. Therefore, the lapse in appropriations requires a reduction in the workforce of the United States Attorney's Office, particularly with respect to prosecution and defense of civil cases.

District courts have inherent power to stay proceedings in cases. *Oregon Mut. Ins. Co. v. Ham & Rye, LLC*, No. C10-579RJB, 2010 WL 2787852, at *3 (W.D. Wash. July 14, 2010). The "power to stay is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id*. (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). When determining whether to stay proceedings, a court should weigh the "competing interests which will be effected by the granting or refusal to grant a stay," including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 254).

The above factors weigh in favor of granting a stay of proceedings in cases handled by the United States Attorney's Office, including this case. Most Assistant United States Attorneys

and support staff in the Civil Division will be furloughed for the duration of the lapse in appropriations and will be unable to perform critical case work. For example, attorneys will not be able to engage in discovery, review case materials, prepare motions, engage in settlement discussions, or prepare for trial.

Specific to this case, Defendant will not be able to meet the next deadline to respond to the Complaint, which is currently set for October 17, 2025. A stay of this litigation will not prejudice Plaintiff. Plaintiff brought this litigation seeking to compel U.S. Citizenship and Immigration services to make determinations on his benefit applications. USCIS reports that these determinations have been made. Thus, the parties will confer about dismissing this matter once the lapse of appropriations has ended and Defendant's counsel may work on this case.

Accordingly, Defendant requests the Court stay this case for the duration of the current lapse of appropriations. As set forth in the proposed order, Defendant further requests that the stay be lifted automatically and immediately as soon as the lapse of appropriations has ended. Defendant asks the Court to order the parties to confer and file a joint status report within ten court days after the restoration of funding.

//

//

//

//

//

//

//

//

STIPULATED MOTION FOR STAY & ORDER
[CASE NO. 2:25-cv-01432-JHC] - 3

## II. CONCLUSION

Based on the foregoing, Defendant respectfully requests this case be stayed for the duration of the current lapse in appropriations.

DATED this 15th day of October, 2025.

Respectfully submitted,

CHARLES NEIL FLOYD
United States Attorney

*s/ Michelle R. Lambert*
MICHELLE R. LAMBERT, NYS #4666657
Assistant United States Attorney
United States Attorney's Office
Western District of Washington
1201 Pacific Ave., Ste. 700
Tacoma, WA 98402
Phone: (253) 428-3824
Fax:    (253) 428-3826
Email: michelle.lambert@usdoj.gov

*Attorneys for Defendant*

I certify that this memorandum contains 696 words, in compliance with the Local Civil Rules.

*s/Irina Rusanova*
IRINA RUSANOVA, WSBA# 59403
Rusanova Law Office
22725 44th Avenue W, Ste 204
Mountlake Terrace, Washington 98043
Phone: 206-466-3909
Email: rusanovalawoffice@gmail.com

*Attorneys for Plaintiff*

**ORDER**

Pursuant to the parties' Stipulated Motion, it is hereby ORDERED that the above captioned proceeding is stayed for the duration of the current lapse of appropriations. It is ORDERED that this stay be lifted automatically and immediately as soon as the lapse of appropriations has ended. It is further ORDERED that the parties to confer and file a joint status report within ten court days after the restoration of funding.

DATED this 15th day of October, 2025.

_____
JOHN H. CHUN
United States District Judge